UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARVIN FRANK ROBINSON,

        Petitioner,

v.

        Case No. 18-cv-1566-pp

REED RICHARDSON,[1]

        Respondent.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 5), ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 3), DISMISSING PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

---

On October 4, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his September 2018 conviction in Milwaukee County Circuit Court. Dkt. No. 1. He has paid the $5.00 filing fee. The clerk's office assigned the case to Magistrate Judge Nancy Joseph, who screened the petition on October 11, 2018. Dkt. No. 3. Judge Joseph recommended that this court dismiss the petition without prejudice because of the petitioner's failure to exhaust his state court remedies.

---

[1] The petitioner now is incarcerated at the Stanley Correctional Institution. See General Public-Offender Search, WISCONSIN DEP'T OF CORRECTIONS, available at https://appsdoc.wi.gov /lop/home.do (last visited Jan. 9, 2020). The warden of that institution is Reed Richardson. See Stanley Correctional Institution, WISCONSIN DEP'T OF CORRECTIONS, available at https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/StanleyCorrectionalInstitution.aspx (last visited Jan. 2, 2020). Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court has updated the caption to reflect the appropriate respondent.

1

Id. at 1. The petitioner filed an objection two weeks later, contending that he had properly exhausted his state court remedies. Dkt. No. 5. This order overrules the petitioner's objection and adopts Judge Joseph's recommendation to dismiss the petition without prejudice.

I. **Background**

The petition states that on September 26, 2018 the petitioner was convicted in Milwaukee County Circuit Court of violating a restraining order, intentionally contacting a victim, resisting an officer, escape from custody and stalking. Dkt. No. 1 at 2; see also State of Wisconsin v. Robinson, Milwaukee County Case No. 2017CF5309, available at wcca.wicourts.gov/ (last visited Jan. 9, 2020). At the time the petitioner filed his petition, his sentencing had not yet occurred; it was to take place on October 29, 2018. Id. at 2. The publicly available state court docket shows that sentencing occurred on February 7, 2019. State of Wisconsin v. Robinson, Milwaukee County Case No. 2017CF5309, available at wcca.wicourts.gov/ (last visited Jan. 9, 2020).

The court received this petition on October 4, a little over a week after a jury found the petitioner guilty and over three weeks before the petitioner was sentenced. Id. The petition alleges four grounds for relief. First, the petitioner argues that no circuit court judge or court commissioner signed his probable cause determination form to justify his continued detention. Dkt. No. 1 at 6. His second ground for relief lists "Wis. Const. Chapter 968.03 Commencement of Criminal Proceedings" and says the trial judge declined to hear a motion on this issue in September of 2018. Id. at 7. He does not explain this ground any

further. The petitioner's third ground states "Wis. Const. Chapter 59.40 Cheif [sic] Clerk duties" and again expresses the petitioner's belief that he was improperly detained without probable cause. Id. at 8. In the petitioner's final ground for relief, "An Abuse of My Procedural Due Process," he explains that the probable cause determination form was not properly time-stamped. Id. at 9.

Judge Joseph screened the petition a week after the court received it. Dkt. No. 2. Her report and recommendation informed the petitioner that a federal court could not grant a petition under 28 U.S.C. §2254 unless the petitioner had exhausted the remedies available to him in state court. Id. at 1. She observed that "state remedies are ordinarily not considered exhausted if there are any currently available and adequate procedures for the individual to present his claim" and noted that the petitioner admitted to not having appealed his conviction. Id. She remarked that at the time of her order, the petitioner had not even been sentenced yet. Id. Accordingly, Judge Joseph recommended that this court should dismiss the petitioner's petition without prejudice. Id.

In his objection to Judge Joseph's recommendation, the petitioner says that he *did* exhaust his state court remedies; he explains that he twice raised a motion challenging the probable cause determination to the trial court judge and that the judge denied both motions. Dkt. No. 5. With his objection, the petitioner also filed a letter reiterating his belief that he had exhausted his state court remedies by raising motions in the trial court. Dkt. No. 6. In March

3

2019, the petitioner filed a letter informing the court that he now resided at Dodge County Correctional Institution and that the caption for this case should be updated accordingly. Dkt. No. 10. The only other docket activity reflects that in February 2019, the petitioner asked for a status update. Dkt. No. 8. The court's heavy caseload prevented it from addressing the report and recommendation and objections until now.

## II. Analysis

### A. Standard

The Federal Rules of Civil Procedure apply to *habeas* petitions filed under 28 U.S.C. §2254. See Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), if a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. Id. The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Judge Joseph recommended dismissing the case during her "screening"—or preliminary review—under Rule 4 of the Rules Governing §2254 proceedings in the United States District Courts. That rule provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

4

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default.

As relevant here, "[t]he exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha Cty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); 28 U.S.C. §2254(b)(1)(A). In order to exhaust a state court remedy, a petitioner must raise his claims "through one full round of state court review . . . ." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014) (citing Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). In other words, it is not enough to file one (or multiple) motion(s) to the trial court. To exhaust his remedies, the petitioner must allow the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to satisfy the exhaustion doctrine, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Judge Joseph appropriately concluded that the petitioner had not exhausted his remedies in state court at the time he filed the petition; when Judge Joseph considered his case, the petitioner had not yet been sentenced. While the petitioner's objection states that he raised motions in front of the trial court judge, that does not constitution "exhaustion" for the purposes of §2254. To "exhaust" his remedies for the purposes of §2254, the petitioner must present his arguments to the Wisconsin Court of Appeals *and* the Wisconsin Supreme Court before he can raise the issue in a federal *habeas* petition. See O'Sullivan, 526 U.S. at 845. A recent check of the state docket reveals that the petitioner filed a notice of appeal on December 2, 2019, and that the appeal is pending in the Wisconsin Court of Appeals. State of Wisconsin v. Marvin Robinson, Milwaukee County Case No. 2017CF5309, available at wcca.wicourts.gov/ (last visited Jan. 9, 2020).

This court will dismiss the petition "without prejudice," which means that the petitioner may file another petition after the Wisconsin Court of Appeals and the Wisconsin Supreme Court have decided his appeal.

### III.  Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

6

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2254 petition should be dismissed without prejudice for failure to exhaust his state court remedies.

## IV. Conclusion

The court **OVERRULES** the petitioner's objection to Judge Joseph's report and recommendation. Dkt. No. 5.

The court **ADOPTS** Judge Joseph's recommendation to dismiss the petition without prejudice for failure to exhaust state court remedies. Dkt. No. 3.

The court **ORDERS** that the petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. §2254 is **DISMISSED without prejudice.**

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 10th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**